**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                          No. 00-4559

REGINALD ANTHONY FALICE,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-98-244)

Submitted: August 31, 2001

Decided: September 17, 2001

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Charles L. Morgan, Jr., Charlotte, North Carolina, for Appellant. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Reginald Anthony Falice seeks to appeal his conviction on one count of interstate domestic violence resulting in bodily injury and death, in violation of 18 U.S.C.A. §§ 2261(a), 2261(b), 2266 (West Supp. 2000), and one count of using or carrying a firearm during and in relation to murder, in violation of 18 U.S.C.A. §§ 924(c)(1), 924(j), 1111 (West Supp. 2000). Falice was convicted after a jury trial and sentenced to life incarceration and thirty-six months of supervised release for each count, to run concurrently. Falice's counsel has filed opening and supplemental briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising several issues.

First, Falice asserts he received ineffective assistance of counsel. The record does not conclusively reveal ineffective assistance of counsel. Consequently, this claim cannot be raised on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

Second, Falice asserts the trial court violated federal law in discussing legal matters with trial counsel outside the presence of the jury. No objection was lodged to these discussions. Our review of the transcript reveals that these discussions were not reversible error. Consequently, this claim is without merit. *Cf. United States v. Howard*, 115 F.3d 1151, 1156 (4th Cir. 1997); *United States v. Brewer*, 1 F.3d 1430, 1434-35 (4th Cir. 1993).

Third, Falice asserts his jury and judge were not impartial. He offers no facts in support of this claim, and our review of the record suggests no impropriety. This claim is without merit. 28 U.S.C. §§ 144, 455, and 1867 (1994).

Fourth, Falice asserts the trial judge made a prejudicial remark to the jury when it stated that his attorneys were court-appointed. The judge's remark was not reversible error. Consequently, this claim is without merit. *Cf. Howard*, 115 F.3d at 1156; *Brewer*, 1 F.3d at 1434-35.

Fifth, Falice asserts the jury instructions regarding voluntary man-slaughter were improper. However, the jury instructions conformed to the applicable law. Consequently, this claim is without merit. *United States v. Lewis*, 53 F.3d 29, 34-35 (4th Cir. 1995).

Sixth, Falice asserts in conclusory terms that the trial court violated common law to the detriment of Falice's due process rights. Nothing in the record reveals the district court violated Falice's due process rights. Consequently, this claim is without merit.

In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Falice's conviction and sentence. We deny Falice's counsel's motion to withdraw at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*